**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LITASHA THOMAS,**

                              Plaintiff,

**vs.**                                        **CASE NO. _____**

**FIRST NATIONAL COLLECTION**
**BUREAU, INC.**

**and**

**PYOD LLC,**

                              Defendants.
_____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1.      Plaintiff brings this action to secure redress from unlawful credit and

collection practices engaged in by Defendants. Plaintiff alleges violation of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2.      The FDCPA regulates the behavior of collection agencies attempting to

collect a debt on behalf of another. The United States Congress found abundant evidence

of the use of abusive, deceptive, and unfair debt collection practices by many debt

collectors, and has determined that abusive debt collection practices contribute to a

number of personal bankruptcies, marital instability, loss of jobs, and invasions of

individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection

practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3.      The Act is not concerned with whether the consumer owes the debt, rather, "[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." FTC v. Check Investors, Inc., 502 F.3d 159, 165 (3d Cir. 2007) (internal citations omitted).

4.      Except where the Act specifically makes knowledge or intent an element of the violation, the FDCPA is a strict liability statute. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010).

5.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A) and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

6.      To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of

unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8). Among these *per se* violations are: the collection of any amount (including any interest, fee charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. § 1692f(1).

7.      The Eleventh Circuit has "adopted a 'least-sophisticated consumer' standard to evaluate whether a debt collector's conduct is 'deceptive,' misleading,' 'unconscionable,' or 'unfair' under the statute. The inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the "least sophisticated consumer" would have been deceived' by the debt collector's conduct. The 'least-sophisticated consumer' standard takes into account that consumer-protection laws are 'not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous.' 'However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.'" Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258-59 (11th Cir. 2014) (internal citations omitted).

8.      "The most significant change in the debt collection business in recent years has been the advent and growth of debt buying." Fed. Trade Comm'n, Collecting Consumer Debts: The Challenges of Change at 13 (2009).

9.      According to industry norms, debt buyers paid an average of 4.0 cents per dollar for consumer debts, with older debts selling for significantly less than newer debt.

Fed. Trade Comm'n, <u>The Structure and Practices of the Debt Buying Industry</u> at ii (2013).

10.     Debt buying is now a billion dollar industry. <u>Stratton v. Portfolio Recovery Associates, LLC</u>, 770 F.3d 443, 446 (Oct. 24, 2014).

11.     "The FTC receives more consumer complaints about debt collectors, including debt buyers, than about any other single industry." Fed. Trade Comm'n, <u>The Structure and Practices of the Debt Buying Industry</u> at i (2013).

12.     In addition to the amount of the debt, debt buyers typically receive the following information about the debt but do not share that information with the consumer: the date of last payment and the date of charge-off. Fed. Trade Comm'n, <u>The Structure and Practices of the Debt Buying Industry</u> at ii (2013).

13.     "Once a Debt Buyer has purchased a portfolio of defaulted consumer loans, it may engage in collection efforts (or hire a third-party to do so), which may include locating borrowers, determining whether borrowers are in bankruptcy, commencing legal proceedings, or 'otherwise encouraging' payment of all or a portion of the delinquency." <u>Debt Buyers' Ass'n v. Snow,</u> 481 F. Supp. 2d 1, 4 (D.D.C. 2006) (internal citations omitted).

14.     Within one year of the filing of this complaint, Defendants attempted to collect an 8-year-old credit card debt from Plaintiff.

15.     Defendants falsely represented that the debts were legally enforceable and improperly added post charge-off interest to the debt.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k.   Venue in this District is proper because Plaintiff resides here and Defendant mailed letters into this District.

## PARTIES

17.     Plaintiff, Litasha Thomas is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

18.     Defendant, First National Collection Bureau, Inc. ("FNCB") is a foreign business corporation organized and existing under the laws of the State of Nevada with its principal place of business and corporate offices in McCarran, Nevada.

19.     FNCB regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

20.     FNCB regularly collects or attempts to collect debts for other parties.

21.     FNCB is licensed in Florida as a "consumer collection agency."

22.     FNCB is a "debt collector" as that term is defined in the FDCPA.

23.     FNCB was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

24.     Defendant, PYOD LLC ("PYOD"), is a foreign business corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices in Las Vegas, Nevada.

25.     PYOD is a debt buyer.

26.     More specifically, PYOD is engaged in the business of purchasing defaulted consumer debts originally owed to others.

27.     PYOD uses the mails and telephone in conducting business.

28.     PYOD is licensed in Florida as a "consumer collection agency."

29.     PYOD is a "debt collector" as that term is defined in the FDCPA. See Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014) (holding that debt buyers are undisputedly debt collectors and subject to the FDCPA).

30.     PYOD purchased Plaintiff's alleged debt.

31.     After purchasing Plaintiff's alleged debt, PYOD placed the debt with FNCB to collect the alleged debt on its behalf.

32.     By virtue of its status as a debt collector PYOD is vicariously liable for FNCB's violations of the FDCPA.

## FACTUAL ALLEGATIONS

33.     On August 17, 2015, on behalf of PYOD, FNCB sent Plaintiff the letter attached as Exhibit A seeking to collect a former Plains Commerce Bank credit card account ending in 4973. (The letter has been redacted to comply with Fed. R. Civ. P. 5.2 "Privacy Protection for Filings Made with the Court".)

34.     Exhibit A sought to collect a purported debt incurred for personal, family or household purposes not for business purposes.

35.     FNCB regularly seeks to collect credit card bills.

36.     The statute of limitations to sue on the purported debt has expired.

37.     FNCB regularly attempts to collect debts on which the statute of limitations has expired.

38.     Nothing in Exhibit A disclosed that the debt was barred by the statute of limitations or not legally enforceable.

39.     It is the policy and practice of FNCB to send letters seeking to collect time-barred debts that do not disclose the dates of the transactions giving rise to the debts.

40.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations…When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)   The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations.   United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D. Fla.).

41.     FNCB engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e(2), 1692e(10) and 1692f, by dunning Plaintiff on a time-barred debt without disclosure of that fact.

42.     The nondisclosure is exacerbated by the offers to "settle" the debt in Exhibit A, which can mislead consumers into believing the debt is legally enforceable. See McMahon v. LVNV Funding, LLC, No. 13-2030 (7th Cir. Mar. 11, 2014); see also

Palmer v. Dynamic Recovery Solutions, LLC, 2016 U.S. Dist. LEXIS 59229 (M.D. Fla.

May. 4, 2016) ("The failure to disclose that a debt is barred by the statute of limitations

would likely mislead the least sophisticated consumer as to the character or legal status of

his or her debt, thus violating § 1692e(2)(A).  Although this nondisclosure is itself

sufficient to violate the FDCPA, the letters go one step further by asking the consumer to

'settle' his or her account. Such settlement offers serve only to compound confusion over

the debt's true character or legal status, as a consumer researching what 'settlement'

means would reasonably find the dictionary's definition of the term: 'an act of bestowing

or giving possession under legal sanction.' Consequently, the dunning letter in this case is

doubly misleading by failing to disclose that the debt it seeks to collect is time-barred and

by giving the false impression that Cascade could sue to enforce the debt.") (internal

citations omitted)

43.     Exhibit A states that the alleged debt currently has a balance of $4,586.51.

44.     Upon information and belief, the alleged debt was charged-off by the

original creditor on November 30, 2007.

45.     Charge-off means that a creditor bank no longer carries the credit card

account receivable on the credit card bank's books as an asset. Under federal regulations,

a credit card bank must charge-off a credit card receivable after it has been delinquent for

180 days. See Federal Financial Institutions Examination Council, Uniform Retail Credit

Classification and Account Management Policy, 65 Federal Register 36903-36906 (June

12, 2000).

46.     As a standard practice, and for a variety of sound business reasons, most banks waive interest on credit card debts after charge-off for as long as the debts are held by the banks.

47.     Among other reasons for this practice, banks are now required to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to the account. Regulation Z, 12 C.F.R. §226.5(b)(2)(i) ("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, [or] if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account . . . ."). Banks generally prefer to waive the interest and save the expense of preparing and sending statements.

48.     Plaintiff has not received periodic statements from the original creditor, or any other creditor, on the alleged debt since on or about November 30, 2007.

49.     Upon information and belief, the original creditor stopped sending periodic statements on the alleged debt when it charged off the account in 2007.

50.     Upon information and belief, the original creditor stopped charging interest on the account when it charged off the account in 2007.

51.     Upon information and belief, the total balance of the alleged debt was $1,909.21 at the time the original creditor charged off the account.

52.     The original creditor waived its right to charge and collect post charge-off interest after it stopped sending periodic credit card statements on the alleged debt.

53.     Assignees cannot acquire a greater right than was possessed by the assignor. Accordingly, a debt collector cannot acquire the right to collect interest waived by the original creditor. See Stratton v. Portfolio Recovery Associates, LLC, 770 F.3d 443, 448 (6th Cir. 2014).

54.     Courts have held that when a debt collector does not have the right to collect interest on a consumer debt, the debt collector's attempt to collect such interest is a "false representation" of the "character" and "amount" of the debt and an attempt to collect an amount that is neither expressly authorized by the agreement nor permitted by law.  Stratton, 770 F.3d at 451.

55.     The balance of $4,586.51 includes unlawful, post-charge off interest.

56.     FNCB engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1) by adding interest to charged-off credit card debts.

57.     Section 1692e provides:

§ 1692e. False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2) The false representation of—
(A) the character, amount, or legal status of any debt; . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

58.     Section 1692f provides:

§ 1692f. Unfair practices [Section 808 of P.L.]

A debt collector may not use unfair or unconscionable means to collect

or attempt to collect any debt. . . .

(1) The collection of any mount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## COUNT I
## FALSE REPRESENTATIONS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)

59.     Plaintiff incorporates Paragraphs 1 through 58 above as if fully set forth herein.

60.     FNCB falsely represented the character, amount, or legal status of any debt legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

c.   Such other or further relief as the Court deems proper.

## COUNT II
## FALSE REPRESENTATIONS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)

61.     Plaintiff incorporates Paragraphs 1 through 58 above as if fully set forth herein.

62.     FNCB used false representation or deceptive means to collect or attempt to collect the debt or to obtain information concerning the Plaintiff in violation of 15 U.S.C. § 1692e(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT III**
**UNFAIR PRACTICES**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692f**

63.    Plaintiff incorporates Paragraphs 1 through 58 above as if fully set forth herein.

64.    FNCB used unfair or unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT IV**
**UNFAIR PRACTICES**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692f(1)**

65.    Plaintiff incorporates Paragraphs 1 through 58 above as if fully set forth herein.

66.    FNCB attempted to collect an amount not permitted by law in violation of 15 U.S.C. § 1692f.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

<u>**JURY DEMAND**</u>

Plaintiff demands trial by jury.

*/s/ James S. Giardina*
[ X ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
***Counsel for Plaintiff***